O

# United States District Court
# Central District of California

| | |
|---|---|
| ANGELA KAUFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>SELECT PORTFOLIO SERVICING,<br>INC.; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-02217-ODW(FFMx)<br><br>**ORDER GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS [9]** |

## I. INTRODUCTION

In her Complaint, Plaintiff Angela Kaufman alleges violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act against Defendants JPMorgan Chase Bank, N.A. ("Chase") and Select Portfolio Servicing, Inc. ("SPS"). Kaufman alleges that Chase and SPS failed to accommodate her disability when evaluating her application for a loan modification of her home mortgage. Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss. (ECF No. 9.) For the reasons discussed below, the Court **GRANTS** Chase's Motion **WITH PARTIAL LEAVE TO AMEND**.[1] Although not

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

1  a party to this Motion because it has not yet been served, the Court also sua sponte

2  **DISMISSES** the Complaint against SPS **WITH LEAVE TO AMEND**.

3  **II.     FACTUAL BACKGROUND**

4  Kaufman filed her Complaint against Chase and SPS in Los Angeles County

5  Superior Court on February 14, 2014.  (Not. of Removal, ECF No. 1.)  The Complaint

6  contains two claims for violations of the ADA and California's Unruh Civil Rights

7  Act.  (*Id.* at Ex. A ("Compl.").)  On March 24, 2014, Chase removed the action to

8  federal district court based on federal-question jurisdiction under 28 U.S.C. § 1331.

9  At the time of removal, SPS had not yet been served with the Complaint.  (*Id.* ¶ 3.)

10 No proof of service has been filed on this Court's docket with respect to SPS.

11 In the Complaint, Kaufman alleges that she obtained a home mortgage through

12 Chase on her property located at 10100 Yolanda Avenue, Northridge, California

13 91324.  (Compl. ¶¶ 6–7.)  In 2012 and 2013, she alleges that she sought a loan

14 modification through Chase.  (*Id.* ¶ 7.)  According to Kaufman, she advised Chase that

15 she suffers from a disability and that she required Chase to accommodate her

16 disability by providing all of the details regarding her loan modification in writing.

17 (*Id.* ¶ 9.)  Kaufman's disability stems from brain damage she suffered as a result of an

18 accident.  (*Id.* ¶ 1.)  She alleges that despite her request for accommodation, Chase

19 refused to provide loan-modification details in writing, which "damaged her ability to

20 obtain a fair loan modification and threatened her right to retain her home."  (*Id.*

21 ¶¶ 10–12.)  The only allegations relating to SPS are that "Chase has transferred the

22 mortgage loan to SPS, which continues to ratify the unfair policies of Chase."  (*Id.*

23 ¶ 13.)

24 **III.     LEGAL STANDARD**

25 Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint

26 for lack of subject-matter jurisdiction.  The Article III case or controversy requirement

27 limits a federal court's subject-matter jurisdiction, requiring that plaintiffs have

28 standing and that claims be ripe for adjudication.  *Chandler v. State Farm Mut. Auto.*

2

1   *Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010).  Mootness is also a jurisdictional

2   issue, and a claim that is moot must be dismissed under Rule 12(b)(1) for lack of

3   jurisdiction.  *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003); *Allen v. Wright*,

4   468 U.S. 737, 750 (1984), *abrogated on other ground by Lexmark v. Intern., Inc. v.*

5   *Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).  "The party asserting federal

6   subject matter jurisdiction bears the burden of proving its existence."  *Chandler*, 598

7   F.3d at 1122; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

8          Under Rule 12(b)(6), a court may dismiss a complaint for lack of a cognizable

9   legal theory or insufficient facts pleaded to support an otherwise cognizable legal

10   theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To

11   survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

12   requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v.*

13   *Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to

14   raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

15   U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter,

16   accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

17   *Iqbal*, 556 U.S. 662, 678 (2009).

18          The determination whether a complaint satisfies the plausibility standard is a

19   "context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  *Id.* at 679.  A court is generally limited to the

21   pleadings and must construe all "factual allegations set forth in the complaint . . . as

22   true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d

23   668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations,

24   unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden*

25   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

26          As a general rule, a court should freely give leave to amend a complaint that has

27   been dismissed.  Fed. R. Civ. P. 15(a).  But a court may deny leave to amend when

28   "the court determines that the allegation of other facts consistent with the challenged

1    pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

2    *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d

3    1122, 1127 (9th Cir. 2000).

4                              **IV.    DISCUSSION**

5            The thrust of Chase's Motion is that the Complaint contains only bare

6    allegations and lacks sufficient detail to state a claim.  Chase also argues that

7    Kaufman lacks standing to assert her ADA claim.  The Court addresses the sufficiency

8    of each of Kaufman's claims against Chase below and then addresses the claims with

9    respect to SPS since many of the deficiencies identified by Chase also apply to SPS.

10           The Court notes that Kaufman's Opposition ignores the legal bases for Chase's

11   Motion and instead goes into considerable detail explaining facts that are not

12   contained in the Complaint.  (ECF No. 14.)  Therefore,  for the purposes of the

13   Court's analysis, the Court finds that the Opposition only supports leave to amend—

14   where applicable—and does not address the sufficiency of the Complaint.

15   **A.    ADA Claim**

16           In the Motion, Chase argues that Kaufman lacks standing to bring her ADA

17   claim, and, even if Kaufman has standing, the Complaint lacks sufficient factual

18   allegations to state a claim.  (Mot. 4–8.)

19           The only remedy available to a plaintiff under the ADA is injunctive relief.  42

20   U.S.C. §§ 12101 *et seq.*; *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946

21   (9th Cir. 2011).  Here, as Chase points out, Kaufman acknowledges that Chase is no

22   longer servicing her loan.  (Compl. ¶ 13.)  Therefore, there is no relief available to

23   Kaufman under the ADA against Chase.  Chase is no longer the party servicing her

24   loan and thus cannot accommodate her disability while she seeks a loan modification.

25   While Chase incorrectly frames this point in terms of standing, Kaufman's ADA

26   claim against Chase is actually moot.  Since the claim is moot with respect to Chase,

27   the Court **DIMISSES** the claim **WITHOUT LEAVE TO AMEND**.  *See Foster*, 347

28   F.3d at 745.

The Court also notes that Kaufman's factual allegations as a whole are vague and conclusory. *See Sprewell*, 266 F.3d at 988. Of particular concern to the Court is Kaufman's ability to plead injury-in-fact and causation for the purposes of Article III standing. Kaufman merely alleges that her ability to obtain a fair loan modification was harmed. (*See* Compl. ¶ 12.) This is problematic because Kaufman has no right to a loan modification under state or federal law. *See Mabry v. Sup. Ct.*, 185 Cal. App. 4th 208, 211 (2010); *Vuki v. Sup. Ct.*, 189 Cal. App. 4th 791, 794 (2010). Furthermore, the Complaint is devoid of allegations that explain how Chase's alleged conduct—not providing loan-modification details in writing—resulted in her not receiving the full and equal benefit of obtaining a loan modification. For example, Kaufman does not allege that she was unable to seek a loan modification because of Chase's conduct. These pleading deficiencies go not only to Article III standing, but also Kaufman's failure to state a claim under the ADA for the purposes of Rule 12(b)(6). *See* 42 U.S.C. § 12182. The Court finds that, in the alternative, the ADA claim must be dismissed for lack of standing under Rule 12(b)(1) and failure to state a violation of the ADA under Rule 12(b)(6). If not for mootness, both of these grounds would require the Court to grant leave to amend.

**B.      Unruh Civil Rights Act Claim**

Chase argues that Kaufman's second claim must also be dismissed for two reasons. First, to the extent the claim relies on a violation of the ADA, it fails since the ADA claim cannot be sustained. Second, without a violation of the ADA, Kaufman must plead intentional discrimination, which she has failed to do. (Mot. 8–10.)

A violation of the ADA gives rise to a claim under California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Otherwise, to prevail on a disability-discrimination claim under the Unruh Civil Rights Act, a plaintiff must establish (1) that the defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (2) a motivating reason for defendant's conduct was

1    plaintiff's disability; (3) plaintiff was harmed; and (4) defendant's wrongful conduct

2    was a substantial factor in causing plaintiff's injury.  California Civil Jury Instructions

3    (CACI), No. 3060.

4         In her Complaint, Kaufman only alleges that "because Defendants violated the

5    Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act."

6    (Compl. ¶ 21.)  Thus, it appears Kaufman's claim is based only on California Civil

7    Code section 51(f).  Since the Court has already explained that—regardless of the

8    mootness issue[2]—Kaufman has failed to allege Article III standing or state a claim

9    under the ADA, Kaufman's state-law discrimination claim also fails.  Moreover,

10   without an ADA violation, Kaufman must allege intentional discrimination.  *Harris v.*

11   *Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991), *superseded by statute on*

12   *other grounds by* Cal. Civ. Code 51(f).  Kaufman's sparse Complaint contains no

13   allegations of intentional discrimination or even allegations giving rise to an inference

14   of intentional discrimination.

15        Accordingly, the Court **GRANTS** Chase's Motion with respect to Kaufman's

16   second claim for violating the Unruh Civil Rights Act **WITH LEAVE TO AMEND**.

17   **C.    Claims Against SPS**

18        The Court can sua sponte dismiss a claim for lack of subject-matter jurisdiction

19   under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6).  *See* Fed. R.

20   Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

21   jurisdiction, the court must dismiss the action."); *Omar v. Sea-Land Serv., Inc.*, 813

22   F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under

23   Fed. R. Civ. P. 12(b)(6).")  Although SPS has not joined in Chase's Motion to

24   Dismiss because it has not yet been served, the Court finds the allegations in the

25   Complaint insufficient to sustain an action against SPS for the same reasons

26   articulated above with the exception of mootness.

27
───────────────────
28   [2] Although relief from Chase is not available to Kaufman under the ADA, an adequately plead ADA
     violation would still create a right of action under the Unruh Civil Rights Act which provides for
     damages.

1    Since Kaufman alleges that SPS is currently the loan servicer for her home
2  mortgage, injunctive relief may still be available for the purposes of her ADA claim.
3  (Compl. ¶ 13.)  Therefore, the ADA claim is not moot as against SPS.  However, the
4  allegations against SPS in the Complaint are even more vague and conclusory than the
5  allegations against Chase.  (*See id.*)  The Court finds that the deficiencies articulated
6  above with respect to Article III standing and failure to state a claim under the ADA
7  and Unruh Civil Rights Act apply in equal force to SPS.  The Court therefore sua
8  sponte **DISMISSES** the claims against SPS in the Complaint **WITH LEAVE TO**
9  **AMEND**.

10                          **V.    CONCLUSION**

11    For the reasons discussed above, the Court **GRANTS** Chase's Motion to
12  Dismiss **WITH PARTIAL LEAVE TO AMEND**. (ECF No. 9.)  Kaufman may only
13  amend the Complaint against Chase with respect to the Unruh Civil Rights Act claim
14  because the ADA claim is moot.  The Court also **DISMISSES** the Complaint against
15  SPS **WITH LEAVE TO AMEND** both claims.  Kaufman may file an amended
16  complaint **no later than 14 days** from the date of this Order.

17    **IT IS SO ORDERED.**

18

19    May 20, 2014

20

21    _____

22             **OTIS D. WRIGHT, II**
        **UNITED STATES DISTRICT JUDGE**
23

24

25

26

27

28

7